IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. RDB 21-160** |
| | * | |
| **"JOHN DOE",** | * | |
|   a/k/a "Hugo Balboa", | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S CONSENT MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Jonathan F. Lenzner, the Acting United States Attorney for the District of Maryland, and Adam K. Ake, Assistant United States Attorney for said district, with the consent of Defendant's counsel, respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

On May 12, 2021, a Grand Jury sitting in this District returned a three-count Indictment charging Defendant with Passport Fraud in violation of 18 U.S.C. § 1542; Social Security Number Misuse in violation of 42 U.S.C. § 408(a)(7); and Aggravated Identity Theft in violation of 18 U.S.C. 1028A. Defendant was arrested on May 14, 2021 and identified himself as Jose Martinez, a Honduran national. He was presented for an initial appearance before this Court on May 17, 2021, at which time the Federal Public Defender was appointed to represent him.

Subsequently, the government disclosed discovery in this case and provided Defendant with a plea offer. After reviewing both with counsel, Defendant elected to accept the Government's plea offer and does not expect to file any motions in this case. The parties have

scheduled a Rule 11 plea entry before this Court on August 10, 2021, the earliest date that available given the Court's calendar.

Because there are no pending motions, the case will exhaust the Speedy Trial Act's 70 day period for commencing trial on August 5 unless some period of time is excluded from calculations under the Act.  Recognizing that, and with consent of counsel for Defendant, the Government moves to exclude the period between June 25 and August 10, 2021, from Speedy Trial Act calculations and asks the Court to find that doing so will serve "the ends of justice" and "outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).  In the present case, COVID-related backlogs have complicated the Court's calendar, despite the parties' relatively prompt resolution of the case well within STA timelines; that said, until the Defendant actually enters his plea, the parties formally remain in plea negotiations.  Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations."  *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same).

For this reason, the Court should enter an order finding the time between June 25 and August 10, 2021, excludable time under 18 U.S.C. § 3161(h)(7).  However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  A proposed Order is submitted herewith.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney


By: _____/s/_____
Adam K. Ake
Assistant United States Attorney